UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SHUTTS & BOWEN LLP, a Florida
limited liability partnership

      Plaintiff,

v.

REGENT CAPITAL PARTNERS, LLC, a
New York limited liability company,
LAURA HUBERFELD and MURRAY
HUBERFELD, husband and wife, NAOMI
BODNER and DAVID BODNER, husband
and wife, the BODNER FAMILY
FOUNDATION, INC., a New York
Corporation,  DAHLIA KALTER and
MARK NORDLICHT, husband and wife,

      Defendants.

_____ /

## COMPLAINT

      Plaintiff, Shutts & Bowen LLP, a Florida limited liability partnership ("Shutts &
Bowen"), through undersigned counsel, sues Defendants, Regent Capital Partners, LLC,
("Regent"), Laura Huberfeld, Murray Huberfeld, Naomi Bodner, David Bodner, the Bodner
Family Foundation, Inc. ("BFF"), Dahlia Kalter, and Mark Nordlicht (collectively, the "Regent
Defendants"), and for its Complaint avers as follows:

### General Allegations

      1.    This is an action for damages which exceed $75,000, exclusive of costs, interest,
and attorneys' fees.

2.      Shutts & Bowen is a Florida limited liability partnership which operates as a law firm with offices throughout the State of Florida and is a citizen of the State of Florida.

3.      Defendant Regent is a New York limited liability company having its principal place of business at 5521 11th Avenue, Brooklyn, NY 11219.

4.      Defendant BFF is, upon information and belief, a New York not-for-profit entity operated for the benefit of and controlled by Defendants David Bodner and Naomi Bodner with its principal place of business in New York.

5.      Defendant Murray Huberfeld is a citizen of the State of New York and is otherwise *sui juris.*

6.      Defendant Laura Huberfeld is a member of Regent, a citizen of the State of New York and is otherwise *sui juris.*

7.      Defendant David Bodner is a citizen of the State of New York and is otherwise *sui juris.*

8.      Defendant Naomi Bodner is a member of Regent, a citizen of the State of New York and is otherwise *sui juris.*

9.      Defendant Dahlia Kalter a/k/a Dahlia Kalter-Nordlicht is a member of Regent, a citizen of the State of New York and is otherwise *sui juris.*

10.     Defendant Mark Nordlicht is a citizen of the State of New York and is otherwise *sui juris.*

11.     This is an action in which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action where the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

-2-

12.     Furthermore, jurisdiction is proper because: (i) in accordance with Fla. Stat. § 48.193(1)(g), the Regent Defendants breached a contract in Florida by failing to perform acts which were required to be performed in Florida; and (ii) the Regent Defendants expressly agreed to submit to the jurisdiction of this Court in the law firm engagement agreement that forms the basis of this action.  Such agreement is, *inter alia*, consistent with, and enforceable under, Fla. Stat. §§ 685.101 and 685.102.

13.     Venue is proper pursuant to the parties' agreement and Sections 47.011 and 47.051 of the Florida Statutes as the causes of action alleged herein accrued in Miami-Dade County, Florida.

14.     In or about September, 2011, the Regent Defendants entered into an agreement with Shutts & Bowen for Shutts & Bowen's legal representation of the Regent Defendants in a lawsuit commenced against them by Herbert Stettin, as Chapter 11 Trustee of the Estate of Rothstein Rosenfeldt Adler, PA, Case No. 09-34791-BKC-RBR, in the United States Bankruptcy Court for the Southern District of Florida (the "Rothstein Lawsuit").

15.     The Rothstein Lawsuit was an adversary proceeding in the United States Bankruptcy Court in which the Court-Appointed Trustee asserted twenty (20) causes of action against the Regent Defendants and sought, *inter alia*, $18,333,333.35 in damages based upon, among other things, purported fraudulent transfers.

16.     On or about September 15, 2011, Shutts & Bowen sent a letter the Regent Defendants memorializing their agreement and delineated Shutts & Bowen's billing terms (the "Agreement").

17.     Harvey Werblowsky, Esq., an authorized agent of the Regent Defendants, signed and returned the Agreement on behalf of all of the Regent Defendants on September 20, 2011 along with a $25,000 retainer deposit from the Regent Defendants.

18.     The Regent Defendants are in possession of a true and correct copy of the executed Agreement.

19.     Shutts & Bowen's attorneys and paralegals performed work and incurred costs and expenses pursuant to the terms of the Agreement and at the direction of the Regent Defendants.

20.     On October 18, 2011, pursuant to the Agreement, Shutts & Bowen delivered invoice # 771504 to the Regent Defendants for services it rendered to the Regent Defendants in September, 2011.

21.     On November 22, 2011, pursuant to the Agreement, Shutts & Bowen delivered invoice # 779166 to the Regent Defendants for services it rendered to the Regent Defendants in October, 2011.

22.     On December 27, 2011, pursuant to the Agreement, Shutts & Bowen delivered invoice # 785850 to the Regent Defendants for services it rendered to the Regent Defendants in November, 2011.

23.     On January 18, 2012, pursuant to the Agreement, Shutts & Bowen delivered invoice # 789799 to the Regent Defendants for services it rendered to the Regent Defendants in December, 2011.

24.     On February 23, 2012, pursuant to the Agreement, Shutts & Bowen delivered invoice # 794455 to the Regent Defendants for services it rendered to the Regent Defendants in January, 2012.

25.     On March 12, 2012, pursuant to the Agreement, Shutts & Bowen delivered invoice #799406 to the Regent Defendants for services it rendered to the Regent Defendants in February, 2012.

26.     Despite repeated demand for payment, the Regent Defendants have failed to pay the amounts owed pursuant to invoices nos. 785850, 789799, 794455 and 799406 (the "Outstanding Invoices").

27.     The Regent Defendants are in possession of true and correct copies of the Outstanding Invoices.

28.     The $25,000 retainer deposit and all additional funds provided by the Regent Defendants have been applied to the total amount due and owing Shutts & Bowen.

29.     The total amount due and owed by the Regent Defendants for the Outstanding Invoices is $443,416.65.

30.     Pursuant to the terms of the Agreement, each one of the Regent Defendants is jointly and severally liable for the entire balance owed.

31.     In order to prosecute this action, Shutts & Bowen LLP has retained the services of counsel and is obligated to pay such counsel a reasonable fee for its services.

32.     All conditions precedent to maintaining this action have occurred or have been performed, waived or excused.

## COUNT I – BREACH OF CONTRACT

33.     Shutts & Bowen repeats and realleges the allegations in paragraphs 1-32 as if fully set forth herein.

34.     Shutts & Bowen fully performed pursuant to its Agreement with the Regent Defendants.

35.     The Regent Defendants breached the Agreement by failing to pay for the professional legal services rendered by Shutts & Bowen, totaling $443,416.65.

36.     As a result of the foregoing breaches of the Agreement, Shutts & Bowen has suffered damages.

**WHEREFORE**, Shutts & Bowen demands judgment for damages against the Regent Defendants in the liquidated amount of $443,416.65, plus costs, interest, and such other relief as this Court deems just and proper.

## COUNT II – OPEN ACCOUNT

37.     Shutts & Bowen repeats and realleges the allegations in paragraphs 1-32 as if fully set forth herein.

38.     Alternatively to the claim for damages set forth in Count I, Shutts & Bowen brings this action on an open account.

39.     The Regent Defendants owe Shutts & Bowen $443,416.65, plus interest according to the attached Outstanding Invoices.

**WHEREFORE**, Shutts & Bowen demands judgment for damages against the Regent Defendants in the liquidated amount of $443,416.65, plus costs, interest, and such other relief as this Court deems just and proper.

## COUNT III – QUANTUM MERUIT

40.     Shutts & Bowen repeats and realleges the allegations in paragraphs 1-32 as if fully set forth herein.

41.     This is an alternative count for quantum meruit if for any reason an enforceable express contract is not found to have been established between Shutts & Bowen and the Regent Defendants.  Regardless of the legal sufficiency of any alternative express contract claims in this

Complaint, by providing legal representation and by performing work at the direction of the Regent Defendants, Shutts & Bowen provided a benefit in the form of services accepted by the Regent Defendants.

42.    Under ordinary circumstances, a reasonable person would expect to pay for such benefit.

43.    The services were performed with the expectation that the Regent Defendants would pay for them, and the circumstances were such that the Regent Defendants were on notice that Shutts & Bowen expected to be paid for such services.

44.    The Regent Defendants failed to pay for the benefit provided by Shutts & Bowen.

45.    Shutts & Bowen has been damaged by the Regent Defendants' failure to pay for such benefit.

**WHEREFORE**, Shutts & Bowen demands judgment for damages against the Regent Defendants in the liquidated amount of $443,416.65, plus costs, interest, and such other relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

46.    Shutts & Bowen repeats and realleges the allegations in paragraphs 1-32 as if fully set forth herein.

47.    This is an alternative count for unjust enrichment if for any reason an enforceable express contract is not found to have been established between Shutts & Bowen and the Regent Defendants.  Regardless of the legal sufficiency of any alternative express contract claims in this Complaint, Shutts & Bowen conferred a benefit upon the Regent Defendants, which have knowledge of that benefit.

48.    The Regent Defendants accepted and retained the conferred benefit.

49.     Under the circumstances it would be inequitable for the Regent Defendants to retain the benefit without paying for it.

**WHEREFORE**, Shutts & Bowen demands judgment for damages against the Regent Defendants in the liquidated amount of $443,416.65, plus costs, interest, and such other relief as this Court deems just and proper.

SHUTTS & BOWEN LLP
*Attorneys for Plaintiff*
1500 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131
Telephone:  (305) 358-6300
Facsimile:  (305) 381-9982


By:  *s/ John E. Meagher*
  John E. Meagher
  Florida Bar No. 511099
  *jmeagher@shutts.com*

6154121 3

-8-